# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

IN RE:

| | | |
|---|---|---|
| **Marcus G. Lang** | ) | Case No.: 14-83412-JAC-13 |
| xxx-xx-2235 | ) | |
| | ) | |
| **Debtor** | ) | |

| | | |
|---|---|---|
| **Marcus G. Lang,** | ) | |
| | ) | Adversary Proceeding |
| Plaintiff, | ) | No.: 15-_____-JAC |
| | ) | |
| v. | ) | |
| | ) | |
| **Prosper Marketplace, Inc.,** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT SEEKING DECLARATORY JUDGMENT, A FINDING OF CONTEMPT AND DAMAGES IN CORE ADVERSARY PROCEEDING

**COMES NOW** the Plaintiff, Marcus G. Lang, by and through counsel, in the above-styled bankruptcy case, and prays this Honorable Court, through its powers, will issue a declaratory judgment finding that the Defendant has willfully violated the provisions of Section 524 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*, find the Defendant to be in contempt of this Court's discharge injunction, award damages on behalf of the Plaintiff and against the Defendant for such violations and contempt and for the other wrongful actions more fully described below. In support of this complaint, the Plaintiff states as follows:

### INTRODUCTION

1. This is an action for actual and punitive damages filed by the debtor pursuant to Sections 105, 502 and 524 of the Bankruptcy Code. This complaint relates to the Defendant's willful violation of the injunctive provisions of Section 524 of the United States

Bankruptcy Code.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code and Section 157(b)(2) of Title 28 of the United States Code.

3. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

4. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## PARTIES

5. The Plaintiff Marcus G. Lang is a natural person and is a debtor under Chapter 13 of Title 11 of the United States Code in case number 14-83412-JAC13. The Plaintiff is hereinafter referred to as the "Plaintiff" or "Mr. Lang."

6. The Defendant Prosper Marketplace, Inc. (hereinafter "Prosper Marketplace" or "Defendant") is upon information and belief a corporation operating from an address of 221 Main Street, Suite 300, San Francisco, CA 94105.

## FACTUAL ALLEGATIONS

7. Mr. Lang previously filed bankruptcy case number 08-80227-JAC13 (herein after referred to as the "2008 case") in the Northern District of Alabama, Northern District on

2

January 20, 2008, for the purpose of receiving relief under Chapter 13 of the United States Bankruptcy Code. See Exhibit A.

8. The Defendant was scheduled in Mr. Lang's 2008 case as an unsecured creditor. See Exhibit B. Neither Mr. Lang nor his attorney have any knowledge of any letters sent by this Court to Defendant providing notice of Mr. Lang's 2008 bankruptcy filing being returned for an insufficient or incorrect address of for any other reason.

9. Defendant filed a proof of claim, Claim 15, in Mr. Lang's 2008 case, claiming an amount of $15,255.75. See Exhibit C.

10. The Trustee disbursed $2725.19 to the Defendant as a pro-rata payment on the total claimed amount in the 2008 case. See Exhibit D.

11. This Honorable Court entered a discharge in Mr. Lang's 2008 case on March 26, 2013, without objection. See Exhibit E.

12. The above-styled bankruptcy case was filed in good faith in the Northern District of Alabama, Northern Division, on December 18, 2014, for the purpose of receiving relief under Chapter 13 of the United States Bankruptcy Code. See Exhibit F. Consequently, an order of relief was entered in the above-styled case on the same day, pursuant to 11 U.S.C. § 301, thus triggering an automatic stay, pursuant to 11 U.S.C. § 362(a), of all debt collection efforts against Mr. Lang.

13. Because Mr. Lang's credit report was still showing a balance owed to the Defendant on the discharged debt, Defendant was scheduled as an unsecured creditor in the current case, with a statement that the debt was disputed and discharged in the 2008 case. See Exhibit G.

14. The Defendant filed a proof of claim, Claim 4, in the amount of $31,671.33 in Mr.

Lang's current case. See Exhibit H.

15. The proof of claim, Claim 4, filed in Mr. Lang's current case concerns the same debt that was discharged in the 2008 case.

16. Mr. Lang has been harassed and damaged by the Defendant's actions in that he has been and continues to be forced to expend his time and expenses toward the defense of these claims.

## CLAIM FOR RELIEF
## VIOLATION OF THE DISCHARGE INJUNCTION

17. The allegations in paragraphs 1 through 16 of this complaint are realleged and incorporated herein by this reference.

18. The Plaintiff is informed and believes and therefore alleges that the actions of the Defendant constitutes a gross and willful violation of the discharge injunction as set forth in 11 U.S.C. Section 524 and confirmed by this Court by the Order of Discharge entered in case 08-80227-JAC13.

19. The Plaintiff is informed and believes and therefore alleges that the Defendant is seeking to recover money from him for which it has no legal right or claim and that such act or actions constitutes unlawful and illegal acts in violation of the discharge injunction.

20. Defendant's violation of the permanent injunction issued has caused the Plaintiff damages in the form of emotional distress, attorney fees and costs.

21. As a result of the above violations of 11 U.S.C. Section 524, Plaintiff asks this Court to issue a Declaratory Judgment that the Defendant is in contempt of the discharge injunction entered by this Court.

22. Also as a result of the above violations of 11 U.S.C. Section 524, the Defendant is liable

to the Plaintiff for actual damages, punitive damages and legal fees in an amount to be determined by this Court under Section 105 of Title 11 and the decision of the *United States Supreme Court in Marrama v. Citizens Bank of Massachusetts*, 127 S.Ct. 1105 (2007).

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff having set forth his claims for relief against the Defendant, respectfully prays of the Court as follows:

- A. That the Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of actual damages;
- B. That the Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of punitive damages;
- C. That the Plaintiff have and recover against the Defendant all reasonable legal fees and expenses incurred by her attorney;
- D. That the underlying debt be forever canceled and discharged;
- E. That Proof of Claim #4 as filed in the instant case be disallowed in its entirety; and
- F. That the Plaintiff have such other and further relief as the Court may deem just and proper.

Respectfully submitted this the   27th   day of January, 2015.

       /s/Amy K. Tanner
       Amy K. Tanner, Esq.
       Bond, Botes, Sykstus, Tanner & Ezzell, P.C.
       225 Pratt Avenue
       Huntsville, Alabama 35801
       Telephone: (256) 539-9899
       Direct Voice: (256) 713-0223
       Facsimile: (256) 539-9895
       Email: atanner@bondnbotes.com
       **Attorney for Plaintiff**

CERTIFICATE OF SERVICE

       I hereby certify that I have served a copy of the above and foregoing pleading upon **Prosper Marketplace, Inc., 221 Main Street, Suite 300, San Francisco, CA 94105**, **Prosper Marketplace, Inc., c/o National Corporate Research, LTD, Registered Agent, 615 S. Dupont Hwy, Dover, DE 19901, Prosper Marketplace, Inc., c/o National Corporate Research, LTD, Registered Agent, 101 Second Street, 15th Floor, San Francisco, CA 94105** and **Michael F. Ford**, **Chapter 13 Trustee**, by depositing a copy of the same in the United States mail, properly addressed and adequate postage thereon this _____27th_____ day of _January_ , 2014.

                                                                _/s/ Amy K. Tanner_
                                                                 OF COUNSEL