# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

**IN RE:**

| | | |
|---|---|---|
| **Marcus G. Lang** | ) | **Case No.: 14-83412-JAC-13** |
| xxx-xx-2235 | ) | |
| | ) | |
| **Debtor** | ) | |

| | | |
|---|---|---|
| **Marcus G. Lang,** | ) | |
| | ) | **Adversary Proceeding** |
| Plaintiff, | ) | **No.: 15-80008-JAC** |
| | ) | |
| v. | ) | |
| | ) | |
| **Prosper Marketplace, Inc.,** | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO RULE TO SHOW CAUSE

COMES NOW the Plaintiff, Marcus G. Lang, and respectfully submits this response to the Court's Rule to Show Cause.

Mr. Lang's complaint does state a claim for relief that is plausible under the standards set forth in *Bell Atl. Corp v. Twombly*, 550 U.S. 545 (2007) and should not be dismissed. As the Supreme Court noted in *Ashcroft v. Iqbel*, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbel*, 129 S. Ct. 1937, 1950 (2009). In the present case, the complaint clearly sets out factual allegations along with evidence of each allegation, that show the Defendant "plausibly" violated Section 524 of the bankruptcy code.

The Court notes that Mr. Lang listed the Defendant as an unsecured creditor in his current bankruptcy case, and the Defendant filed a claim. As can be seen by Schedule F, attached to this response as Exhibit A and also attached to the complaint, the debt was listed as disputed with the

note that the debt was discharged in the debtor's previous bankruptcy. The complaint states that the debtor's credit report was improperly showing a balance owed to the Defendant on the discharged debt. The credit report is attached to this response as Exhibit B. The complaint further notes that the discharged debt was included on Schedule F because the debt was improperly listed on the credit report. In addition, the facts set forth in the complaint show that the Defendant had notice of Mr. Lang's previous bankruptcy, filed a claim and was paid in that bankruptcy, and received notice of the discharge in the previous bankruptcy; yet the discharged debt was still improperly listed on the debtor's credit report and the Defendant still filed a claim on the debt in Mr. Lang's current bankruptcy, even though Schedule F clearly states that the debt was discharged in Mr. Lang's previous bankruptcy case.

The discharge injunction states: "[a] discharge in a case under this title— . . . (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; . . . ." 11 U.S.C. § 524(a)(2). It is clear that Mr. Lang received a discharge of the debt owed to the Defendant. The facts in the complaint show that even though the discharge injunction was in place, the Defendant acted to collect on the debt. The act of filing a proof of claim is certainly an act to collect a debt. The injunction also prohibits the continuation of any action to collect a discharged debt. 11 U.S.C. § 524(a)(2). "To the extent that a creditor files a claim in one case, has that claim discharged but tries again in a second case, the second filing of a claim would appear to be a continuation of an action to collect the discharged debt." *Moore v. Quantum3 Group LLC et al*, No. 14-01001 (Bankr. E.D. Tenn. Sept. 29, 2014). The fact that Mr. Lang listed the debt in his current bankruptcy as disputed and

discharged because the debt was improperly listed on his credit report does not change the fact that the Defendant proactively filed a claim on the discharged debt.

Based on the complaint and the reasoning set forth in this response, the Plaintiff respectfully requests to proceed with the above styled adversary proceeding.

Respectfully submitted this the 30th day of January, 2015.

    /s/ Amy K. Tanner
Amy K. Tanner, Esq.
Bond, Botes, Sykstus, Tanner & Ezzell, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
Telephone: (256) 539-9899
Direct Voice: (256) 713-0223
Facsimile: (256) 539-9895
Email: atanner@bondnbotes.com
**Attorney for Plaintiff**

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading upon **Prosper Marketplace, Inc., 221 Main Street, Suite 300, San Francisco, CA 94105**, **Prosper Marketplace, Inc., c/o National Corporate Research, LTD, Registered Agent, 615 S. Dupont Hwy, Dover, DE 19901, Prosper Marketplace, Inc., c/o National Corporate Research, LTD, Registered Agent, 101 Second Street, 15th Floor, San Francisco, CA 94105** and **Michael F. Ford**, **Chapter 13 Trustee**, by depositing a copy of the same in the United States mail, properly addressed and adequate postage thereon this   30th   day of  January , 2015.

/s/ Amy K. Tanner
OF COUNSEL